UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD HOWARTH,

    Plaintiff,

v.                                                     CASE NO. 8:18-cv-956-T-23TGW

CITY OF NEW PORT RICHEY,

    Defendant.
_____/

## **ORDER**

    In June 2016, Ronald Howarth sued the City of New Port Richey and alleged that the city threatened to condemn several of Howarth's mobile homes and prevented Howarth from repairing the homes. (Doc. 2) After the city successfully moved to dismiss the complaint, Howarth amended the complaint in May 2017. The amended complaint (Doc. 3) appears primarily to protest the city's alleged interference with Howarth's property rights, but one paragraph alleges that the city "arrested and incarcerated [Howarth,] charging him with burglary when he entered his vacant rental property at 6821 Garden."

    In March 2018, Howarth amended (Doc. 4) the complaint a second time. Omitting mention of the city's alleged interference with his property rights, Howarth sues (Doc. 4) in count one for "false arrest" under Florida law and in count two for a violation of Section 1983 based on the "false arrest and incarceration." The city, which removed the action and invoked federal-question jurisdiction based on the

Section 1983 claim, moves (Doc. 5) to dismiss the complaint with prejudice. Nearly two weeks after the expiration of the time within which to respond, Howarth fails to respond to the city's motion.

**DISCUSSION**

**1. Section 1983 claim for false arrest**

Excluding the impermissible incorporation of every preceding paragraph,[1] count two alleges that the false arrest violated Howarth's right to substantive due process under the Fifth and Fourteenth Amendments. But a plaintiff fails to state a due-process claim if a more specific amendment protects a right. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Because the Fourth Amendment specifically protects against an unreasonable seizure and because an arrest constitutes a seizure, Howarth fails to state a due-process claim under the Fourteenth Amendment.[2] *Albright*, 510 U.S. at 273–74 (holding that the plaintiff failed to state a claim under the Fourteenth Amendment based on an unlawful arrest and explaining that the Fourth Amendment specifically protects against an unreasonable seizure). Additionally, Howarth fails to identify an action by the United States, a failure that forecloses the Fifth Amendment claim.

---

[1] The complaint is a "shotgun" complaint. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) (explaining that in a "shotgun" complaint "each count adopts the allegations of all preceding counts").

[2] Howarth neither mentions the Fourth Amendment in the complaint nor moves for leave to allege a claim under the Fourth Amendment.

**2. State-law claim for false arrest**

The dismissal of a federal claim before trial ordinarily requires dismissing or remanding a state-law claim that fails to invoke subject-matter jurisdiction. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) ("*Gibbs* strongly encourages or even requires dismissal of the state claims.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). The record reveals no compelling reason to litigate the remaining state-law claim in federal court.

## CONCLUSION

The motion (Doc. 5) to dismiss the complaint is **GRANTED-IN-PART**. The Section 1983 claim in count two is **DISMISSED** for failure to state a claim. Because the state-law claim fails to invoke subject-matter jurisdiction, the action is **REMANDED** to the Circuit Court for Pasco County. The clerk is directed to **CLOSE** the case.

ORDERED in Tampa, Florida, on May 14, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE